**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**CASE NO.**

6:10-cv-971-Orl-35 KRS

WM AVIATION, LLC and TRICOR
INTERNATIONAL CORPORATION,

*Plaintiffs,*

v.

UNITED STATES AIRCRAFT
INSURANCE GROUP, UNITED
STATES AVIATION UNDERWRITERS,
INC., LIBERTY MUTUAL INSURANCE
COMPANY, and ACE AMERICAN
INSURANCE COMPANY,

*Defendants.*
_____/

## COMPLAINT

WM Aviation, LLC and Tricor International Corporation sue United States Aircraft Insurance Group ("USAIG"), United States Aviation Underwriters ("USAU"), Liberty Mutual Insurance Company, and ACE American Insurance Company, as follows:

### Nature of Action, Jurisdiction and Venue

1. This is an action seeking damages for breach of an insurance contract.

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1332 because the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and is between citizens of different states.

3. Venue is proper in this judicial district as all of the Defendants do business in this district, WM Aviation, LLC and Tricor International Corporation's principal places of business

are in this district, the insurance policy at issue was delivered in this district, and the events giving rise to the claims at issue in this action occurred within this judicial district.

### The Parties

4. At all material times, WM Aviation, LLC was a Delaware limited liability company with its principal place of business in Maitland, Florida.

5. At all material times, Tricor International Corporation was a Florida corporation with its principal place of business in Maitland, Florida.

6. At all material times, USAIG was a foreign corporation operating as an insurance pool comprised of insurance and reinsurance companies that issue aviation insurance policies. USAIG has its principal place of business in New York, New York and was conducting business and issuing insurance policies in Florida during the relevant time period.

7. At all material times, USAU was a foreign corporation that manages and underwrites policies for USAIG members, and settles claims on its members' behalf. USAU has its principal place of business in New York, New York, and was conducting business and issuing insurance policies in Florida during the relevant time period.

8. At all material times, Liberty Mutual Insurance Company was a foreign insurer having its principal place of business in Boston, Massachusetts, and was conducting business and issuing insurance policies in Florida. Liberty Mutual has a fifty percent pro rata share of liability for any covered damages under the Policy.

9. At all material times, ACE American Insurance Company was a foreign insurer having its principal place of business in Philadelphia, Pennsylvania, and was conducting business and issuing insurance policies in Florida. ACE American has a fifty percent pro rata share of liability for any covered damages under the Policy.

## General Allegations

10.     The Policy:  USAU, as manager and underwriter for USAIG, Liberty Mutual, and ACE American, issued and delivered to WM Aviation and Tricor International (collectively, the "Insureds") an All-Clear Aircraft Policy bearing Policy No. 360AC-695652, effective from October 17, 2007, to October 17, 2008 (the "Policy").  The Policy is attached as Exhibit A.

11.     The Policy was delivered to the Insureds in Florida.

12.     The Insureds paid the full premium on the Policy and satisfied all other conditions to maintain the Policy in full force and effect at all relevant times.

13.     The Policy provides your Aircraft Physical Damage Coverage.

14.     Under the terms of the Policy, if the aircraft is a total loss, the carrier will pay the Aircraft Physical Damage Limit.

15.     The Policy provides that an aircraft is a total loss when the cost of repairs equals or exceeds the limit of the Your Aircraft Physical Damage Coverage.

16.     Under the terms of the Policy, ACE American and Liberty Mutual are each severally liable for a fifty percent pro rata share of any loss within the Policy's stated limits of coverage.

17.     The Loss:  The Insureds owned a 2004 Cessna 750 Citation X Jet, tail number N750WM ("the Aircraft").

18.     On April 3, 2008, while the Policy was in full force and effect, the Aircraft skidded off the runway at John F. Kennedy International Airport in New York, New York, and sustained extensive physical damage to the fuselage and other components (the "Incident").

19.     The Insureds promptly reported the damage to USAU, as required by the Policy.

3

20. USAU, in its capacity as manager for USAIG, Liberty Mutual, and ACE American Insurance, handled the Insureds' claim and negotiated with the Insureds regarding the nature and extent of necessary repairs to the Aircraft, the Insureds' consequential losses, and the Aircraft's loss in value resulting from the Incident.

21. USAU advocated that the Aircraft's fuselage could be repaired, rather than recognizing that the fuselage's damage was so extensive that replacement is the only viable option because it is impossible to restore the plane to its pre-loss condition.

22. The Aircraft also sustained a permanent and immediate loss of value at the time of the Incident.

23. In January 2009, USAU forwarded a release and proof of loss form to the Insureds and offered to settle the Insureds' claim for $6.5 million.

24. The Insureds did not execute the release and proof of loss documents.

25. On July 9, 2009, USAU, as managers and on behalf of USAIG, filed a declaratory judgment lawsuit against its Insureds in the U.S. District Court, Middle District of Florida, Orlando division, Case No. 6:09-cv-01184-JA-KRS.

26. USAU sought a declaration from the Court that its Insureds entered into a binding settlement agreement that must be enforced.

27. The Insureds moved to dismiss the lawsuit, and the Court granted the Insureds' motion on August 11, 2009.

28. To date, USAU, USAIG, Liberty Mutual, and ACE American have not paid the Insureds' claim for damage to the Aircraft arising out of the Incident.

29. All conditions precedent to this action have been performed or waived.

## **COUNT I – BREACH OF CONTRACT**

30. Plaintiffs reallege paragraphs 1 through 29 as if fully stated herein.

31. <u>Enforceable Contract:</u> The Policy issued by the Defendants to the Insureds constitutes an enforceable contract under the laws of the State of Florida.

32. <u>Duty:</u> The Policy obligated the Defendants to perform certain duties, including the duty to pay its Insureds for covered losses.

33. <u>Breach:</u> The Defendants, by failing to fully and promptly pay its Insureds' claim for covered damage to the Aircraft, breached its duties under the Policy.

34. The Aircraft is a total loss as defined by the Policy because the cost of repairing it to pre-loss condition will meet or exceed the Policy limits.

35. In the alternative, the Insureds must be compensated for the total loss of the Aircraft because there is no proven method to restore the Aircraft to its pre-loss condition, such that it will be guaranteed to operate with the same level of safety, reliability, and serviceability that it had prior to the Incident.

36. <u>Damages:</u> As a direct, foreseeable and proximate result of the Defendants' breach of their duties under the Policy, the Insureds have suffered and continue to suffer contractual and compensatory damages, including the Aircraft's immediate loss of value.

WHEREFORE, WM Aviation, LLC and Tricor International Corporation demand judgment against United States Aircraft Insurance Group, United States Aviation Underwriters, Liberty Mutual Insurance Company, and ACE American Insurance Company, for damages; contractual and compensatory; pre- and post-judgment interest; attorney's fees pursuant to Fla. Stat. §627.428; costs and any further relief this Court deems equitable, just and proper.

## TRIAL BY JURY

WM Aviation, LLC and Tricor International Corporation demand trial by jury of all issues so triable.

Dated this 24th day of June 2010.

                                                  Respectfully submitted,

VER PLOEG & LUMPKIN, P.A.
100 S.E. 2nd Street, 30th Floor
Miami, FL 33131
(305) 577-3996
(305) 577 3558 *facsimile*

_[signature]_

**Stephen A. Marino, Jr.**
Florida Bar No. 0079170
smarino@vpl-law.com
**Danya J. Pincavage**
Fla. Bar No. 0014616
dpincavage@vpl-law.com
*Attorneys for WM Aviation, LLC and Tricor International Corporation*

6